UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOHN SPOTVILLE** | **CIVIL ACTION NO. 5:13-cv-1102** |
| LA. DOC #391314 | |
| **JOHN ELLIS BIRDSONG** | **CIVIL ACTION NO. 5:13-cv-1107** |
| LA. DOC #127307 | |
| **RANDY HALL** | **CIVIL ACTION NO. 5:13-cv-1116** |
| LA. DOC #539426 | |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Plaintiffs are inmates in the custody of Louisiana's Department of Corrections (DOC); they are incarcerated at the David Wade Correctional Center (DWCC), Homer, Louisiana. On April 3, 2013, these and other similarly situated inmates filed a civil rights complaint pursuant to 42 U.S.C. §1983 complaining about the conditions of confinement at that institution. The complaint named numerous defendants including DWCC's Warden, Jerry Goodwin and unnamed members of the medical, mental health, social work, classification, and security staffs at DWCC.  Plaintiffs prayed for declaratory judgment, injunctive relief, compensatory and punitive damages.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to the provisions of FRCP Rule 41.

*Statement of the Case*

On April 3, 2013, inmate Carlos A. McGrew submitted a 44-page *pro se* complaint on behalf of himself, the plaintiffs named above, and several other named DWCC inmates, including "any/all others similarly situated." [Doc. 1] On April 30, 2013, the claims were severed and each plaintiff was directed to file his own complaint and to either pay the full filing fee or seek *in forma pauperis* status within 30 days.  On August 13, 2013, plaintiff McGrew's *in forma pauperis* status was revoked upon discovery that he was subject to the three strikes provision of 28 U.S.C. §1915(g).  A number of the other putative plaintiffs failed to comply with the April 30 order and their claims were stricken.  Plaintiffs ultimately complied to the extent that they submitted properly executed *in forma pauperis* applications and signed complaints which adopted McGrew's original complaint verbatim.  On December 10, 2013, each remaining plaintiff was directed to amend his complaint within 30 days to provide certain specified information, including the identities of all defendants.  The above named plaintiffs have not complied with that order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed the above named plaintiffs to amend and

provide the information needed to further evaluate their claims.  These plaintiffs disregarded that order and their failure to respond warrants dismissal of their complaints.[1]  Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

---

[1] It does not appear that dismissal at this time will result in the complete forfeiture of plaintiffs' claims since several of the original plaintiffs have complied with the amend order and their suits remain pending. Nevertheless, even if the statute of limitations or other reasons might bar plaintiffs from re-filing the instant suit, then dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As previously noted, plaintiffs submitted an inadequate pleading; they were instructed to amend to provide the identity of the defendants and other information; however, they failed to do so within the time limitation provided. Further, these plaintiffs have not otherwise requested an extension of the time needed to amend and have not contacted the Court requesting an extension of time. It appears that these plaintiffs no longer wish to pursue this matter in Court.

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, February 7, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**